# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  13-CV-02570-REB-BNB

COLLEGE PHARMACY, INCORPORATED
EMPLOYEE STOCK OWNERSHIP PLAN, by
JOHN STINAR, TRUSTEE and COLLEGE PHARMACY,
INC., a Colorado corporation,

Plaintiff

v.

MARK LARIVEE, Individually and PRAIRIE
CAPITAL ADVISORS, INC., an Illinois Corporation,

Defendant(s).

## STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

THIS MATTER, having come before the Court on Plaintiffs' unopposed motion for entry of Stipulated Protective Order regarding Confidential Information, and the Court, having been advised in the premises finds and orders as follows:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure

and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to or generally known by the public - and designated, in good faith, by one of the Parties or counsel in the manner provided in paragraph 4 below as containing: confidential or proprietary information, including but not necessarily limited to, intellectual property, market research information, trade secrets, engineering designs, customer information, financial information, savings calculations, pricing data, testing, pilot studies, and other valuable business information.

3. The term "counsel" will mean counsel of record in this action, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

> M. James Zendejas
> Stinar, Zendejas, Hansen & Gaithe, LLC
> 121 E. Vermijo Avenue, Suite 200
> Colorado Springs, CO  80903
> (719) 635-4200
>
> John E. Bolmer, II
> Adam Wiens
> Hall & Evans, LLC
> 1001 Seventeenth Street, Suite 300
> Denver, CO  80202
> (303) 628-3300

Charles H. Torres
Charles H. Torres, PC
1888 Sherman Street, Suite 630
Denver, CO  80203
(303) 830-8885

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it may be designated in the following manner:

   a. By imprinting the word "Confidential" on all pages of any document produced;

   b. By imprinting the word "Confidential" next to or above a response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than fourteen calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by the receiving party to anyone other than those persons designated herein and must be handled in the manner set forth below.

6. Information designated as "Confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party and by the additional individuals listed below:

   (a) The individual and entity parties to this action, including officers, directors, managers, and technical employees of an entity party;

    (b) Consulting experts and expert witnesses who may be called to provide expert testimony under Fed. R. Civ. P. 26(a)(2) (including their stenographic and clerical employees) pursuant to the terms of paragraph 7;

    (e) Non-party fact witnesses who may be interviewed or deposed during the pendency of this action pursuant to the terms of paragraph 7; and

    (f) All witnesses examined during trial.

7. The right of any experts (including consulting and testifying experts) or any non-party fact witnesses (who may be interviewed or deposed) to receive any Confidential Information will be subject to the execution of the form Affidavit attached hereto as Exhibit A by the expert or non-party fact witness, before providing any Confidential Information of the producing party to the expert or non-party fact witness. Party's counsel who discloses Confidential Information to an expert or non-party fact witness shall obtain and retain a copy of affidavits signed by any experts or non-party fact witnesses who are recipients of Confidential Information.

8. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other

parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

9. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Stipulation and Order.

10. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Stipulation and Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as confidential.

11. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

12. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

13. **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the**

**parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.~~

14. Use of Confidential Information in Court Proceedings: **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).~~

15. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated March 3, 2014.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge

**STIPULATED AND AGREED TO:**

*/s/ M. James Zendejas*
*Duly signed original on file*

_____

M. James Zendejas
Stinar, Zendejas, Hansen & Gaithe, LLC
121 E. Vermijo Avenue, #200
Colorado Springs, CO 80903
(719) 635-4200
*Attorney for Plaintiffs*


*/s/ Adam B. Wiens*
*Duly signed original on file*

_____

John E. Bolmer II
Adam B. Wiens
Hall & Evans LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
(303) 628-3300
*Attorneys for Defendant Prairie Capital*
*Advisors, Inc.*


*/s/ Charles H. Torres*
*Duly signed original on file*

_____

Charles H. Torres
Charles H. Torres, PC
1888 Sherman Street, Suite 630
Denver, CO 80203
(303) 830-8885
*Attorney for Defendant Mark Larivee*

**EXHIBIT A**

**AFFIDAVIT OF _____ REGARDING PROTECTION ORDER**

STATE OF _____ )
                       ) ss.
COUNTY OF _____ )

_____ swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Civil Action No. _____, a copy of which is attached to this Affidavit.

2. I have been informed by _____., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

                                                    Signature (Print or Type Name)
                                                    Address:
                                                    Telephone:

SUBSCRIBED AND SWORN to before me this\_\_\_\_\_ day of _____, 20\_\_\_\_\_, by _____.

WITNESS my hand and official seal.

                                                    Notary Public

[S E A L]
My Commission Expires: _____