IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02570-REB-BNB

COLLEGE PHARMACY, INCORPORATED EMPLOYEE STOCK OWNERSHIP PLAN,
John Stinar, Trustee, and
COLLEGE PHARMACY, INC., a Colorado corporation,

Plaintiffs,

v.

MARK LARIVEE, individually, and
PRAIRIE CAPITAL ADVISORS, INC., an Illinois corporation,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on defendant Mark Larivee's **Motion to Dismiss Pursuant to Rule 12(b)(6) or in the Alternative Require Plaintiff to Comply with Heightened Pleading Requirements Pursuant to Federal Rule 9(b) and a Request for Attorney Fees** [Doc. #23, filed 11/21/2013] (the "Motion"). I respectfully recommend that the Motion be DENIED.

Defendant Larivee seeks dismissal of the plaintiffs' Second Amended Complaint [Doc. #14] pursuant to Rule 12(b)(6), Fed.R.Civ.P. A "Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570; Mink v. Knox, 613 F.3d 995 (10th Cir. 2010). "[A] plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" Kansas Penn Gaming, LLC v. Collins, 656

F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The Complaint alleges that defendant Prairie Capital conducted an analysis of a proposed transaction involving the sale of all of the stock from Thomas Bader, the sole shareholder of College Pharmacy, Inc. ("College Pharmacy"), to College Pharmacy, Incorporated Employee Stock Ownership Plan ("ESOP"). *Complaint*, p. 2. Prairie Capital issued a report which valued the stock at $11,000.00 per share, for a total value of $11,585,130.00. Id. Based on the report, the ESOP agreed to purchase the stock and executed a Promissory Note in the amount of $10,000,000.00 plus interest payable to Thomas Bader. Id. The plaintiffs have since been informed that the valuation was vastly overstated. Id.

The Complaint asserts three claims for relief.[1] Claim Three is brought against defendant Larivee. Id. at p. 3. The plaintiffs allege that Larivee formally served as a named ESOP Trustee for the sale; dictated the terms of the sale; was responsible for the consequences of the sale; took no steps to verify the accuracy, reasonableness, or competency of Prairie Capital's appraisal; and exercised discretionary power and management over the ESOP's only asset in his capacity as Trustee. Id. The plaintiffs further allege that Larivee was a fiduciary to the ESOP at all times relevant to the allegations of the Complaint and that he breached his fiduciary duty under

---

[1] The Complaint contains a "Fourth Claim for Relief." However, the fourth claim does not assert a cause of action but, instead, seeks attorney fees and costs.

ERISA, 29 U.S.C. § 1101(21)(A), by "failing to act solely in the best interest of the participants and beneficiaries of ESOP" and by "engaging in and causing the ESOP to engage in transactions that were unfair to the ESOP." Id. at pp. 3-4. These allegations are sufficient to state a plausible claim for relief.

The defendant presents extensive argument regarding discrepancies between the allegations of the Complaint in this case and the allegations of the complaint in a related state court case. However, my analysis under Rule 12(b)(6) is limited to the allegations of the Complaint in this case.

Defendant Larivee also seeks an order requiring the plaintiffs to comply with the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P. Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." The plaintiff does not assert a claim for fraud or mistake against defendant Larivee.

I RESPECTFULLY RECOMMEND that the Motion [Doc. #23] be DENIED.[2]

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2014.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge
