# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02570-REB-BNB

College Pharmacy Incorporated Employee Stock Ownership Plan, by Johan Stinar, Trustee; and College Pharmacy, Inc., a Colorado corporation,

    Plaintiffs,

v.

Mark Larivee, individually; and
Prairie Capital Advisors, Inc., an Illinois corporation,

    Defendants.

## PRAIRIE CAPITAL ADVISORS, INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' NEGLIGENCE CLAIM

Defendant Prairie Capital Advisors, Inc. ("Prairie"), through its counsel, Hall & Evans, L.L.C., and pursuant to Fed. R. Civ. P. 56 and related authorities, hereby moves for summary judgment on Plaintiffs' negligence claim, as follows:

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs College Pharmacy Incorporated Employee Stock Ownership Plan ("the ESOP"), by Johan Stinar, Trustee, and College Pharmacy, Inc., a Colorado corporation ("CPI") (collectively, "Plaintiffs") initiated this action on July 1, 2013 against Prairie, asserting claims for breach of contract and for negligence.

It is undisputed, however, that Plaintiffs knew or should have known, by the exercise of reasonable diligence, of the alleged events or conduct giving rise to their negligence claim on and before July 2, 2010. Because Plaintiffs did not file suit within two years of the date this claim accrued, this claim is barred under C.R.S. § 13-80-102(1)(a), and Prairie is entitled to judgment as a matter of law in its favor on this claim.

# STATEMENT OF UNDISPUTED FACTS FOR SUMMARY JUDGMENT PURPOSES[1]

1. On January 15, 2008, pursuant to a contract between Prairie and Defendant Larivee, Prairie presented to the ESOP its Valuation Report, which assessed whether a proposed transaction between the ESOP and CPI, where the ESOP would purchase all of CPI's outstanding common stock, was fair to the ESOP. [PLAINTIFFS' 0001-0004, attached as **Exh. A**; *see* PRAIRIE 000195, attached as **Exh. B**.]

2. Based on numerous considerations identified in Prairie's Valuation Report, Prairie valued the fair market value of CPI's stock at $11,585,130. [PLAINTIFFS' 0053, attached as **Exh. C**.]

3. On July 2, 2010, the firm of Levis Consulting sent Plaintiff Stinar a letter respecting a valuation of the ESOP and enclosing the Appraisal Report, addressed to Stinar in his capacity as Trustee of the ESOP. [PLAINTIFFS' 0592, attached as **Exh. D**.]

4. The July 2, 2010 Appraisal Report contained the following pertinent language on page 38 respecting Levis' criticisms of Prairie's appraisals:

> The ESOP acquired the Subject Interest in early 2008 for $10 million based, at least in part, on an appraisal conducted by Prairie Capital Advisors, Inc. using a valuation date of January 15, 2008 which concluded with a value of $11,585,130. **Based on my review of this appraisal and its underlying assumptions and methodologies, this appraisal and the Subject Interest acquisition price is clearly inappropriate to value the Company at the valuation date.**

[PLAINTIFFS' 0628, attached as **Exh. E** (emphasis added).] Jerry Gillick, the CEO of CPI since mid-2009, testified as CPI's Fed.R.Civ.P. 30(b)(6) designee that he reviewed

---

[1] The following facts are undisputed only for purposes of this Motion. Prairie specifically reserves the right to contest each of these facts at any later stage of proceedings, including at trial.

2

and approved a draft of Mr. Levis' appraisal report before Levis published the final draft to Plaintiff Stinar. [Trans. of Gillick Dep., attached as **Exh. F**, 124:7-125:12.]

5. On September 15, 2010, CPI'S Board of Directors held a board meeting, the minutes of which reveal the following information was discussed: "5. ESOP Plan – discuss financial obligation[:] While Prairie valued the company at $10,000,000.00, Rob Levis has it valued at $90,000.00. Prairie didn't have all the details and didn't consider the impact of the indictment." [CL 001115, 001115A, attached as **Exh. G**.]

6. Plaintiffs filed their Verified Complaint in El Paso County District Court on July 1, 2013, alleging among other things that Prairie's Valuation "was vastly overstated and inaccurate and completed with gross negligence," that Prairie "owed a duty to the Plaintiffs to exercise the requisite skill and expertise in reviewing and gathering information, and in preparing the report concerning the valuation of the stock," and that Prairie "breached this duty." [Verified Complaint, ¶¶ 10, 15, attached as **Exh. H**.]

## **STANDARD OF REVIEW / JURISDICTIONAL STATEMENT**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The purpose of a motion for summary judgment is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To meet its initial burden, the movant must show the absence of a genuine issue of material fact. *See id.* This means a defendant moving for summary judgment on an affirmative defense must show no disputed material fact exists regarding that affirmative defense. *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011). After the movant meets

its burden, the nonmovant must do more than show some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmovant must set forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Hence, if a plaintiff cannot demonstrate with specificity the existence of a disputed material fact, the affirmative defense bars the plaintiff's claims and the defendant is entitled to summary judgment. *Helm*, 656 F.3d at 1284. In deciding whether to grant a motion for summary judgment, a court views the facts in the light most favorable to the nonmovant. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1229 (10th Cir. 2005).

## ARGUMENT

**I.     Prairie Is Entitled to Summary Judgment on Plaintiffs' Negligence Claim**

Because the undisputed facts show Plaintiffs knew or should have known through the exercise of reasonable diligence of their asserted injuries underlying their negligence claim, and the alleged cause of those injuries, before and no later than July 2, 2010 — three years before Plaintiffs filed their Verified Complaint — their negligence claim is time-barred as a matter of law and Prairie is entitled to dismissal of that claim.

C.R.S. § 13-80-102(1)(a) provides, in relevant part, that actions for negligence "shall be commenced within two years after the cause of action accrues, and not thereafter[.]" C.R.S. § 13-80-108(1) provides, in relevant part, that a negligence claim "shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." The Tenth Circuit reasons that in Colorado, "a claim accrues when 'the plaintiff knows, or should know, in

4

the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action.'" *Cahill v. Am. Family Mut. Ins. Co.*, 610 F.3d 1235, 1240 (10th Cir. 2010) (quoting *Miller v. Armstrong World Indus.*, 817 P.2d 111, 113 (Colo. 1991)). The Tenth Circuit emphasized its reasoning as follows:

> Tolling should arise only when the defendant conceals something that the plaintiff needed to know for his cause of action to accrue. We might also point out that the days of Caligula are long past. Today, the law is not concealed by inscribing it in small letters on tablets hung high, out of sight of the populus. The law, including Colorado law, is public and accessible to all "in the exercise of reasonable diligence."

*Id.* (quoting *Miller*, 817 P.2d at 113).

In reliance on these two statutes, courts in this district routinely dismiss negligence claims filed outside the two-year period after the accrual date. *See, e.g.*, *Jacobs v. Ocwen Loan Servicing, LLC*, No. 13-cv-02518-REB-BNB, 2014 U.S. Dist. LEXIS 110053, *41-43 (D. Colo. June 16, 2014) [attached as **Exh. I-1**]; *Duvall v. CIT Group*, No. 13-cv-02634-MSK-MJW, 2014 U.S. Dist. LEXIS 16981, *14-15 (D. Colo. Feb. 11, 2014) [attached as **Exh. I-2**]; *Sandmeier v. Sadler*, No. 12-cv-00942-LTB-MJW, 2012 U.S. Dist. LEXIS 113243, *12-14 (D. Colo. July 20, 2012) [attached as **Exh. I-3**].

Before and no later than July 2, 2010, Plaintiffs knew or should have known, through the exercise of reasonable diligence, of the alleged negligent conduct of Prairie giving rise to their alleged injuries. It is undisputed that the Levis Appraisal Report informed Plaintiffs of Levis' criticisms that the ESOP was worth only $90,000.00 and that Prairie allegedly misvalued the ESOP. [PLAINTIFFS' 0628.]

And even if that were insufficient, it is undisputed that the minutes from CPI's board meeting conclusively indicate Levis' Appraisal Report was discussed and his criticisms

5

were known to CPI's Board of Directors by September 15, 2010. [CL 001115A.] This means that, even if the Appraisal Report was not sufficient to put Plaintiffs on notice of an alleged negligence claim, which it is, Plaintiffs should have filed their negligence claim on or before September 15, 2012. Yet Plaintiffs did not file their Verified Complaint until July 1, 2013. In light of the undisputed facts and under the plain language and application of the provisions of C.R.S. §§ 13-80-102(1)(a), 13-80-108(1), Plaintiffs' negligence claim is time-barred and Prairie is entitled to judgment as a matter of law on that claim.

## II. Prairie Is Entitled to Reasonable Attorney Fees Under C.R.S. § 13-17-102

Prairie is entitled to its reasonable attorney fees incurred defending against Plaintiffs' time-barred negligence claim under C.R.S. § 13-17-102.

Section 13-17-102 states the district court "shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." C.R.S. § 13-17-102(2). An action lacks substantial justification where it is "substantially frivolous, substantially groundless, or substantially vexatious," C.R.S. § 13-17-102(4). These terms are defined by Colorado courts. *See **Anderson v. Pursell***, 244 P.3d 1188, 1196 (Colo. 2010) ("substantially frivolous"); ***City of Aurora v. Simpson***, 105 P.3d 595, 618 (Colo. 2007) ("substantially groundless"); ***Hamon Contractors, Inc. v. Carter & Burgess, Inc.***, 229 P.3d 282, 301 (Colo. App. 2009) ("substantially vexatious"). One court from this District awarded reasonable attorney fees under section 13-17-102 when an action was filed after the statute of limitations expired. *See **Harrison v. Luse***, 760 F. Supp. 1394, 1400-01 (D. Colo. 1991).

When granting fees under section 13-17-102, the district court must make specific findings under each factor in C.R.S. § 13-17-103.  **Munoz v. Measner**, 247 P.3d 1031, 1032 (Colo. 2011).  Those factors are:

> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
> (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;
> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
> (d) The relative financial positions of the parties involved;
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
> (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
> (g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy; and
> (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

C.R.S. § 13-17-103(1)(a)-(h).

The expiration of the statute of limitations on Plaintiffs' negligence claim <u>one year prior to the filing of Plaintiffs' verified complaint</u> entitles Prairie to its reasonable attorney fees incurred in defending against that claim because that claim lacks substantial justification within the meaning of section 13-17-102.  To wit, under section 13-17-103(1)(a)-(h): (a) Plaintiff Stinar and Plaintiffs' counsel, both of whom are licensed attorneys, knew or should have known of the statute of limitations; (b) Plaintiffs did not dismiss their negligence claim; (c) the facts regarding Plaintiffs' knowledge of the alleged facts giving rise to their negligence claim were widely available prior to the expiration of the statute of limitations; (d) both Plaintiffs and Prairie are business entities or trusts in

7

similar financial strata; (e) Plaintiffs' knowledge of the statute of limitations implies bad faith; (f) no issues of fact are in conflict regarding the invalidity of Plaintiffs' negligence claim; (g) the statute of limitations affords Prairie a complete defense against Plaintiffs' negligence claim; and (h) any amount or conditions of offer of judgment or settlement by Prairie will be outweighed by this Court's grant of judgment as a matter of law for Prairie.

## **CONCLUSION**

For the foregoing reasons, Defendant Prairie Capital Advisors, Inc. respectfully requests that this court: grant judgment as a matter of law in favor of Prairie on Plaintiffs' negligence claim; dismiss this claim as against Prairie with prejudice; award Prairie all applicable costs, and reasonable attorney fees under C.R.S. § 13-17-102, incurred with respect to this claim; and grant all such other and further relief deemed appropriate.

DATED this 8th day of September, 2014.

HALL & EVANS, L.L.C.

*s/ Adam B. Wiens*
John E. Bolmer, II
Adam B. Wiens
Hall & Evans, L.L.C.
1001 Seventeenth St., Suite 300
Denver, CO  80202-2052
Phone:  (303) 628-3300
Fax:  (303) 628-3368
bolmerj@hallevans.com
wiensa@hallevans.com
*Attorneys for Defendant Prairie Capital Advisors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2014, I electronically filed the foregoing **PRAIRIE CAPITAL ADVISORS, INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' NEGLIGENCE CLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| M. James Zendejas<br>Stinar & Zendejas, LLC<br>121 East Vermijo Avenue, Suite 200<br>Colorado Springs, CO 80903<br>Jim@coloradolawgroup.com<br>*Attorneys for Plaintiffs* | Charles H. Torres<br>Charles H. Torres, P.C.<br>1888 Sherman Street, Suite 630<br>Denver, CO 80202<br>chas303@aol.com<br>*Attorney for Defendant Mark Larivee* |

*s/ Lesley J. Hayter*
Lesley J. Hayter, Legal Secretary to
Adam B. Wiens