# Exhibit H

| DISTRICT COURT, EL PASO COUNTY, COLORADO | |
|---|---|
| Court Address: 270 South Tejon<br>Colorado Springs, CO 80903 | DATE FILED: July 1, 2013 5:55 PM<br>FILING ID: 8CDD93941B6FD<br>CASE NUMBER: 2013CV30336 |
| Plaintiffs: COLLEGE PHARMACY, INCORPORATED EMPLOYEE STOCK OWNERSHIP PLAN, by JOHN STINAR, TRUSTEE and COLLEGE PHARMACY, INC., a Colorado corporation,<br><br>v.<br><br>Defendants: MARK LARIVEE, a Colorado resident; and, PRAIRIE CAPITAL ADVISORS, INC., an Illinois corporation. | |
| M. James Zendejas<br>STINAR & ZENDEJAS, LLC<br>Attorneys for Plaintiffs<br>121 East Vermijo Avenue, Suite 200<br>Colorado Springs, CO 80903<br>Telephone: (719) 635-4200<br>Fax: (719) 635-2493<br>Email: Jim@coloradolawgroup.com<br>Attorney Reg. # 23460 | ◆COURT USE ONLY◆ |
| | Case No:<br><br>Div. Crtrm. |
| **VERIFIED COMPLAINT** | |

COME NOW, the Plaintiffs COLLEGE PHARMACY, INCORPORATED STOCK OWNERSHIP PLAN, by JOHN STINAR, TRUSTEE and COLLEGE PHARMACY, INC., by and through its attorney Stinar & Zendejas, LLC, by M. James Zendejas, and in a complaint against the Defendants allege as follows:

## JURISDICTION

1. At all times pertinent hereto, the Plaintiff COLLEGE PHARMACY, INCORPORATED EMPLOYEE STOCK OWNERSHIP PLAN, by JOHN STINAR, TRUSTEE is an employee stock ownership plan located in the County of El Paso, State of Colorado.

2. COLLEGE PHARMACY, INC., is a Colorado corporation in good standing.

3. Upon information and belief, at all times pertinent hereto, the Defendant Mark Larivee ("Defendant Larivee") was a resident of the City of Colorado Springs, County of El Paso, State of Colorado.

4. Upon information and belief, at all times pertinent hereto, the Defendant PRAIRIE CAPITAL ADVISORS, INC. ("Defendant Prairie"), was an Illinois corporation, with a principal place of business located at Oakbrook Terrace, IL 60181.

5. This Court has jurisdiction and venue is proper in that the Defendant Larivee, upon information and belief, resides in El Paso County, Colorado and the transactions at issue occurred in and affected entities located in El Paso County, Colorado.

6. Upon information and belief, Defendants are not in the military service of the United States, or in the military service of any nation with which the United States may be allied in the prosecution of a war, and have not been ordered to report to military service, or for induction into such military service; nor are Defendants an infant, incompetent person, nor is are they an officer or agent of the State of Colorado or the United States of America, and as such are not subject to the provisions of the Service members' Civil Relief Act, 50 App. U.S.C. section 501 through 596.

## FACTUAL BACKGROUND

7. The Defendant Prairie Capital performed and conducted an analysis of a proposed transaction involving the sale of all of the stock from Thomas Bader, the sole shareholder, of College Pharmacy, Incorporated. ("College Pharmacy").

8. As part of that transaction, Defendant Prairie Capital prepared and issued a "report" in which Defendant valued such stock at $10,000.00 per share, for a total value of $10,000,000.00.

9. As a result of such report, the Plaintiff executed and agreed to the purchase of the stock, including executing a Promissory Note in the original principal amount of $10,000,000.00, plus interest, payable to Thomas Bader.

10. Since that time, Plaintiffs have been informed that the valuation completed by and upon which the Plaintiffs' relied, was vastly overstated and inaccurate and completed with gross negligence.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

11. Plaintiffs reallege and incorporate by reference the previous allegations of this Complaint.

12. Plaintiffs and Defendant had a contract for Defendant to perform an accurate appraisal.

13. The Defendant Prairie Capital has breached the Contract as mentioned herein, and such breach is a material breach.

14. As a direct and proximate result of Defendant Prairie Capital's material breaches, the Plaintiffs have suffered damages, in an amount to be determined at trial.

2

## SECOND CLAIM FOR RELIEF
(Gross Negligence)

15. Plaintiffs reallege and incorporate by reference the previous allegations of this Complaint.

16. Defendant Prairie Capital owed a duty to the Plaintiffs to exercise the requisite skill and expertise in reviewing and gathering information, and in preparing the report concerning the valuation of the stock. The Defendant Prairie Capital breached this duty by failing to exercise the requisite skill and expertise in reviewing and gathering information, and in preparing the report concerning the valuation of the stock.

17. As a direct and proximate result of the Defendant's gross negligence, Defendant has caused damages to the Plaintiffs, for which the Defendant Prairie Capital is responsible. The Plaintiffs have suffered damages in an amount to be proven at trial.

18. The Conduct constitutes gross negligence.

## THIRD CLAIM FOR RELIEF
(Breach of Fiduciary Duty under ERISA)

19. Plaintiffs reallege and incorporate by reference the previous allegations of this Complaint.

20. ERISA, under 29 U.S.C. § 1101(21)(A), provides in pertinent part:

    [A[ person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

21. Larivee was a fiduciary to the ESOP at all times relevant to this Complaint for multiple reasons, including among others the following:

    a. Defendant Larivee formally served as a named ESOP Trustee for the sale.

    b. Defendant Larivee dictated the terms of the sale and was responsible for the consequences of the terms of the sale to the ESOP.

d. Defendant Larivee took no steps to verify the accuracy, reasonableness or competency of the Prairie Appraisal.

e. Defendant Larivee exercised disrectionary power and management control over the ESOP's only asset, in his capacity.

22. ERISA, under 29 U.S.C. § 1104, provides, in pertinent part:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and
> - -
>
> (A) for the exclusive purpose of:
>
> (i) providing benefits to participants and their beneficiaries; and
>
> (ii) defraying reasonable expense of administering the plan;
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

23. Based on the facts alleged above, Defendant Larivee violated his fiduciary duties to the ESOP by:

a. Failing to act solely in the best interest of the participants and beneficiaries of ESOP; and

b. By engaging in and causing the ESOP to engage in transactions that were unfair to ESOP.

24. ERISA, under 29 U.S.C. § 1109(a) provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the

4

court may deem appropriate, including removal of such fiduciary.

25. Under 29 U.S.C. § 1109(a), this Court should order Defendant Larivee to restore all damages resulting from his breaches of fiduciary duty.

26. The Court should award damages in the amount of any losses to the plan resulting from Defendant Larivee's breaches of fiduciary duty.

27. The Court should also award appropriate equitable relief.

## FOURTH CLAIM FOR RELIEF
**(Attorney fees and costs)**

28. Plaintiffs reallege and incorporate by reference the previous allegations of this Complaint.

29. 29 U.S.C. § 1132(g)(1) provides attorney fees to the prevailing party in an action to enforce rights under ERISA.

30. The Court should award attorney fees and costs to the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendant Larivee and Defendant Prairie as follows:

(a) for all losses to the ESOP caused by Defendant Larivee's and Defendant Prairie's wrongful actions;

(b) for Plaintiffs' attorney fees and costs;

(c) for pre and post-judgment interest as allowed by law; and

(c) for such additional relief as can be shown to be equitable at trial or as deemed appropriate by the Court.

## JURY TRIAL IS DEMANDED

DATED this 1st day of July, 2013.

**STINAR & ZENDEJAS, LLC**

*/s/ M. James Zendejas*
*Duly signed original on file*

---

M. James Zendejas #23460
121 E. Vermijo Avenue, Suite 200
Colorado Springs, CO 80903
(719) 635-4200 Telephone
(719) 635-2493 Facsimile


Plaintiff's Address:

3505 Austin Bluffs Pkwy, Suite 101
Colorado Springs, CO    80918

## VERIFICATION

Jerry Gillick, being first duly sworn upon his oath, deposes and says that he has read the foregoing Complaint, and that to the best of his knowledge, information and belief, the information contained herein is true and correct.

_____
Jerry Gillick

STATE OF COLORADO   )
                    )ss.
COUNTY OF EL PASO   )

Subscribed and Sworn to before me this １ˢᵗ day of July, 2013, by Jerry Gillick.

Witness my official seal.

_____
Notary Public

My commission expires: 6-10-14

7