# Exhibit I-2



DOMINIC DUVALL, Plaintiff, v. THE CIT GROUP, also known as Vericrest Financial Inc., AMERICAN FAMILY INSURANCE COMPANY, and AMERICAN SECURITY INSURANCE COMPANY, also known as ASSURANT SPECIALTY PROPERTY, Defendants.

Civil Action No. 13-cv-02634-MSK-MJW

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

2014 U.S. Dist. LEXIS 16981

February 11, 2014, Decided
February 11, 2014, Filed

**COUNSEL:** [*1] Dominic Duvall, Plaintiff, Pro se, Olney Springs, CO.

For CIT Group, The, also known as Vericrest FInancial Inc., Defendant: Jess Alexander Dance, Perkins Coie LLP-Denver, Denver, CO.

For American Family Insurance Company, Defendant: Daniel David Williams, Faegre Baker Daniels LLP-Boulder, Boulder, CO; Michael S. McCarthy, Faegre Baker Daniels LLP-Denver, Denver, CO.

For American Security Insurance Company, also known as Assurant Specialty Property, Defendant: Terence M. Ridley, LEAD ATTORNEY, Mark Eastman Lyda, Wheeler Trigg O'Donnell, LLP, Denver, CO.

Inmate Case Legal Liaison/Case Manager, Interested Party, Pro se, Olney Springs, CO.

**JUDGES:** Marcia S. Krieger, Chief United States District Judge.

**OPINION BY:** Marcia S. Krieger

**OPINION**

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court pursuant to the motion to dismiss (#28) filed by Defendant American Family Mutual Insurance Company[1] ("American Family"), the Motion for Summary Judgment (#32) filed by Defendant Caliber Home Loans, Inc., f/k/a Vericrest Financial Inc. and The CIT Group ("Caliber"), the motion for summary judgment (#36) filed by Defendant American Security Insurance Company aka Assurant Specialty Property [*2] ("American Security"), American Family's Reply Brief in Support of Its Motion to Dismiss (#37), and Caliber's Reply in Support of Motion for Summary Judgment (#38). Mr. Duvall has not filed a response to any of the motions.

> 1   Plaintiff incorrectly identified American Family Mutual Insurance Company as "American Family Insurance Company."

**I. Background**

Mr. Duvall initiated this action in the Weld County, Colorado, District Court. The operative pleading is Mr. Duvall's Amended Complaint (#3). On September 26, 2013, Caliber and American Security removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and (b). At

the time of removal, American Family had not yet been served. The basis for removal, and for the Court's subject matter jurisdiction over Mr. Duvall's claims in this action, is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

The Court derives the following factual allegations from the Amended Complaint. Mr. Duvall purchased a vacant lot in Weld County and constructed a single-family residence on the lot consisting of approximately 5,041 square feet. In March 2008 Mr. Duvall completed construction of an addition to the residence of approximately 5,000 square feet.

The [*3] purchase of the lot and construction of the residence were financed by a loan from Caliber that was secured by a deed of trust on the property. As part of the deed of trust, Mr. Duvall was required to insure the property against loss by casualty and Mr. Duvall contracted with American Family for insurance coverage. Mr. Duvall maintains that he was required to pay for the insurance coverage monthly as part of his mortgage payment to Caliber and Caliber was required to make the annual insurance premium to American Family from the escrow fund Caliber maintained. The property was insured for approximately $470,000.00.

On June 10, 2008, Mr. Duvall's residence was completely destroyed by fire. Mr. Duvall contacted American Family to submit a claim and was informed that "insurance coverage had lapsed some months earlier because of non-payment of the annual premium." (#3 at ¶11.)

On June 30, 2008, Mr. Duvall received notice that his claim was received and being processed by American Security. American Security determined that Mr. Duvall's loss totaled $332,368.71 and issued a check in that amount to Caliber. Mr. Duvall disputed the claim, in part because American Security refused to consider [*4] the damage to the addition, and did not endorse the check. Eventually, Caliber foreclosed on its loan and took title to the property pursuant to the foreclosure.

Mr. Duvall asserts three claims for relief in the Amended Complaint. The first two claims, breach of contract and negligence, are asserted against Caliber for failing to pay the annual insurance premium to American Family. Mr. Duvall's third claim is asserted against American Security for unreasonable delay or denial of an insurance claim pursuant to Colo. Rev. Stat. §§ 10-3-1115(1)(a) and 10-3-1116(1).

II. Analysis

Although the Amended Complaint was filed by counsel for Mr. Duvall, counsel was allowed to withdraw on November 18, 2013, and Mr. Duvall has represented himself since that time. *Pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Duvall according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

A. American [*5] Family's Motion to Dismiss

American Family moves to dismiss all claims against it for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court accepts all well-pled allegations in the Amended Complaint as true and views those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). To make such an assessment, the Court first discards those averments in the Amended Complaint that are [*6] merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 680. What is

required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

As discussed above, the Amended Complaint includes three claims for relief, two of which are asserted against Caliber and one against American Security. The Amended Complaint does not include any allegations of wrongdoing by American Family that caused harm to Mr. Duvall and the Amended Complaint does not seek any relief from American Family. Mr. Duvall alleges with respect to American Family only that American Family issued [*7] the original hazard insurance policy covering his property and that coverage under that policy had lapsed prior to the date on which his property was destroyed by fire. He does not allege any wrongdoing by American Family with respect to the cancellation of the original hazard insurance policy. Instead, he contends that the American Family insurance policy was cancelled because Caliber failed to pay the annual policy premium. (*See* #3 at ¶¶ 11, 19-20.)

"Courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Allison v. Utah County Corp.*, 223 F.R.D. 638, 639 (D. Utah 2004) (internal quotation marks omitted). Therefore, because Mr. Duvall fails to assert any claim for relief against American Family, American Family's motion to dismiss will be granted.

### B. Caliber's Motion for Summary Judgment

Caliber moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56 facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). [*8] Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Kaiser--Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent [*9] evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a prima facie claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Mr. Duvall's breach of contract and negligence claims against [*10] Caliber are premised on Caliber's alleged failure to pay the annual insurance premium to American Family. Caliber argues that it is entitled to summary judgment on both claims because no contractual provision obligated it to pay the annual insurance premium and that, in connection with his loan from Caliber, Mr. Duvall executed a Non-Escrow Affidavit on June 1, 2007, in which he acknowledged and agreed to the following:

> I/We understand that my/our monthly payment consists only of principal and interest. No funds are being collected nor escrowed for real estate taxes or homeowners insurance.
>
> I/We understand that I/we am/are responsible for paying real estate taxes as they become due and for maintaining homeowners insurance on the real property securing this loan.

(#32-1 at 17.) In addition, Caliber has submitted a declaration from Caliber SVP Martha Ellis stating that Caliber's records indicate Mr. Duvall failed to make several monthly payments required by the loan agreement Mr. Duvall signed, including several payments due between August 2007 and June 2008. (#32-1 at 3, ¶7.)

To state a breach of contract claim under Colorado law Mr. Duvall must establish the following four elements by [*11] a preponderance of the evidence: (1) the existence of a contract; (2) performance by the plaintiff or justified nonperformance; (3) breach by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

As noted above, Mr. Duvall has not responded to Caliber's motion for summary judgment and he has not presented any evidence to support his factual assertions in the Amended Complaint. Therefore, the undisputed material facts demonstrate that no contractual provision obligated Caliber to pay the annual insurance premium as Mr. Duvall alleges. In particular, Mr. Duvall expressly acknowledged and agreed in the Non-Escrow Affidavit that Caliber was not collecting funds for payment of homeowners insurance and that Mr. Duvall was responsible for maintaining homeowners insurance on the property. As a result, Mr. Duvall cannot demonstrate that Caliber breached the contract as alleged, element 3 above, or that he suffered any damages as a result of a breach by Caliber, element 4 above. Mr. Duvall also cannot demonstrate that he performed his contractual obligations or was excused from doing so, element 2 above, because the undisputed [*12] material facts demonstrate he failed to make multiple monthly payments and failed to maintain required homeowners insurance. Thus, Caliber is entitled to summary judgment on Mr. Duvall's breach of contract claim.

Caliber next argues that it is entitled to summary judgment on Mr. Duvall's negligence claim because that claim is barred by the economic loss rule. The economic loss rule "maintain[s] the boundary between contract law and tort law." *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1259 (Colo. 2000). Pursuant to the economic loss rule "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Id.* at 1264.

Here, Mr. Duvall's negligence claim is premised on his contention that Caliber negligently breached the contract between the parties by failing to pay the annual insurance premium to American Family. Mr. Duvall specifically alleges that Caliber "owed a duty to Plaintiff to collect, escrow and pay amounts due for . . . hazard insurance pursuant to the terms of the Promissory Note and Deed of Trust encumbering the Property" and that Caliber "breached [*13] its duty to Plaintiff by collecting amounts due for hazard insurance but failing to pay insurance premiums due to American Family Insurance." (#3 at ¶¶ 24-25.) Mr. Duvall does not allege facts that demonstrate the negligence claim is premised on an independent duty outside of the contract. Thus, the negligence claim is barred by the economic loss rule. *See Town of Alma*, 10 P.3d at 1264 (negligence claim barred when "there is no independent duty to support Petitioners' negligence claim"); *Stan Clauson Assocs., Inc. v. Coleman Bros. Constr., LLC*, 297 P.3d 1042, 1045, 2013 COA 7 (Colo. App. 2013) ("If the alleged duty exists under the contract and the alleged breach would constitute a material breach of the contract, the economic loss rule bars the tort claim.").

Even if the negligence claim was not barred by the economic loss rule, the claim still lacks merit. To state a negligence claim under Colorado law Mr. Duvall must establish the following four elements by a preponderance of the evidence: (1) the existence of a legal duty owed by the defendant; (2) a breach of that duty; (3) causation; and (4) damages. *Observatory Corp. v. Daly*, 780 P.2d 462, 465 (Colo 1989).

Mr. Duvall's negligence claim fails [*14] because the undisputed material facts demonstrate that Mr. Duvall was responsible for maintaining homeowners insurance pursuant to the contractual agreement between the parties. Caliber did not owe any duty to Mr. Duvall to collect, escrow, and pay the annual insurance premium.

Thus, Caliber also is entitled to summary judgment on Mr. Duvall's negligence claim for that reason.

Caliber also raises the statute of limitations as an affirmative defense to Mr. Duvall's negligence claim. Under Colorado law, a negligence claim must be commenced within two years after the cause of action accrues. Colo. Rev. Stat. § 13-80-102(1)(a). A negligence action accrues "when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(8).

Mr. Duvall alleges in the Amended Complaint that American Family cancelled his insurance coverage some months prior to the June 2008 fire that destroyed his residence because Caliber negligently failed to pay the annual insurance premium. (#3 at ¶¶ 10, 11, 26.) He further alleges that he discovered in 2008 that the American Family insurance policy [*15] had been cancelled because the annual insurance premium had not been paid. (*Id.* at ¶¶ 10-13.) The undisputed facts demonstrate that this action was not commenced in state court until June 2012 (#1-4 at 3), which is more than two years after the negligence claim accrued. Therefore, the negligence claim is barred by the applicable two-year statute of limitations and Caliber also is entitled to summary judgment for that reason.

C. **American Security's Motion for Summary Judgment**

Defendant American Security also moves for summary judgment pursuant to Fed. R. Civ. P. 56. The same summary judgment standards discussed above apply to American Security's motion for summary judgment.

As noted above, Mr. Duvall asserts a claim against American Security for unreasonable delay or denial of an insurance claim pursuant to Colo. Rev. Stat. §§ 10-3-1115(1)(a) and 10-3-1116(1). American Security raises the statute of limitations as an affirmative defense in its motion for summary judgment.

Pursuant to Colo. Rev. Stat. § 10-3-1115(1)(a), "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Pursuant [*16] to Colo. Rev. Stat. § 10-3-1116(1), "[a] first-party claimant . . . whose claim for payment has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." According to Mr. Duvall, his insurance claim "was significantly understated and inadequate to rebuild the Property" because American Security "computed Plaintiff's claim based upon the original footprint of the Property and not upon the combined original footprint and subsequent addition to the Property." (#3 at ¶¶ 31-32.) Mr. Duvall further alleges that no claim ever was paid to him and he lost his equity in the property because American Security "failed and refused to continue to negotiate Plaintiff's claim." (*Id.* at ¶¶ 33-34.)

American Security argues either that a one-year statute of limitations applies to Mr. Duvall's claim against it pursuant to Colo. Rev. Stat. § 13-80-103(1)(d) or that a two-year statute of limitations is applicable pursuant to Colo. Rev. Stat. § 13-80-102(1)(i). Because the Court concludes that the claim against American Security is untimely even if the two-year statute of limitations applies, the Court [*17] need not decide whether Mr. Duvall's claim against American Security is an "action for any penalty" under § 13-80-103(1)(d). A cause of action accrues "when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(8).

Mr. Duvall alleges in the Amended Complaint that his home was destroyed by fire in June 2008 and that on June 30, 2008, he received notice that his claim was received and being processed by American Security. (#3 at ¶¶ 10, 13.) He further alleges that American Security determined his loss totaled $332,368.71 and that he disputed the claim. (*Id.* at ¶¶ 14-15.) With respect to the accrual of his claim against American Security, the undisputed material facts demonstrate that Mr. Duvall sent a letter to American Security on February 21, 2010, setting forth several complaints regarding the handling of his claim and specifically invoking Colorado's bad faith insurance laws. (See #36-1.) Although it is not clear exactly when Mr. Duvall reasonably should have discovered the conduct giving rise to his cause of action against American Security, it is [*18] clear that his claim against American Security accrued no later than February 21, 2010.

The undisputed material facts also demonstrate that Mr. Duvall commenced this action in state court on June

22, 2012 (#1-4 at 3), although the original complaint did not include allegations against American Security (*see* #36-3). On May 15, 2013, Mr. Duvall filed his Amended Complaint (#3) in state court naming American Security as a Defendant. Therefore, the undisputed facts demonstrate that the claim against American Security was not commenced within two years after the claim accrued and is barred by the statute of limitations. As a result, American Security is entitled to summary judgment.

### III. Conclusion

For the foregoing reasons, Defendant American Family Mutual Insurance Company's Motion to Dismiss (#28) is **GRANTED**, the Motion for Summary Judgment (#32) filed by Defendant Caliber Home Loans, Inc., f/k/a Vericrest Financial Inc. and The CIT Group is **GRANTED**, and Defendant American Security Insurance Company aka Assurant Specialty Property's Motion for Summary Judgment (#36) is **GRANTED**. The Clerk of the Court shall enter judgment in favor of Defendants on all claims in this action and close this [*19] case.

Dated this 11th day of February, 2014.

**BY THE COURT:**

/s/ Marcia S. Krieger

Marcia S. Krieger

Chief United States District Judge